PER CURIAM.
In a suit for divorce and child custody between the parties here involved, the Honorable T. G. Futch, as presiding judge, on 17 November 1953, entered a final decree of divorce finding the equities to be with the plaintiff, Eleanor C. Abney,' and against the defendant William Herbert Ab-ney, Sr, and awarding the exclusive custody, management and control of the minor children to the mother, and providing financial benefits for their support. On 30 October 1955, the father, Will-iam Herbert: Abney, Sr, presented to Honorable T. G. Futch, Circuit Judge, a petition signed by the father’s lawyer, not signed by the father, but verified by one Elizabeth A. Geiger as agent of the father, alleging that the mother had become physically and mentally incapable of protecting the interest and well being of said’minor children, and that there was danger that such children would be removed by the mother from the State of Florida and jurisdiction of the court, and which prayed that the court enter its order modifying said final decree insofar as it related to the .custody, care and control of said minor children, and that the mother be restrained from removing said children from the State of Florida, pending the final disposition of this cause. There was no explanation for the failure of the father to verify the petition, nor of the reason, extent and nature of the agency of Elizabeth Geiger.
At a hearing held on Sunday, 30 October A.D. 1955, without any notice to the mother and under a petition which failed to allege that notice would accelerate injury or action resulting in immediate and irreparable damage, and without providing any other excuse or reason for failure to give notice, the court entered an order providing that the “Juvenile Officer of Lake County, Florida, Kenny Pearce, be and he is hereby directed to take custody of the above named children and care for them as may seem to. their best interests pending the final disposition of this cause.”
It is this last order of 30 October 1955, now before us for review.
Obviously, the order did not dispose of the petition for modification, nor was it responsive to that part of the petition which prayed for a temporary restraining order, but stripped the mother of the custody of her infant children under a decree nearly two years old, without notice or explanation for failure to give notice. See F.S.A. § 63.73.
*906 Certiorari is granted and the order of 30 October 1955, under the circumstances here present, was erroneous and it is quashed.
DREW, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.